Howeli,, J.
This is a suit on an open account for two gin-stands, dated 4th March, 1857, with interest from 1st January,. 1858, when, it is alleged, the account was due.
The defense is a general denial and the prescription of three years.
There were two trials in the Court below, resulting each time in a judgment in favor of plaintiffs for SSOO, the amount claimed, and defendant has appealed.
Two witnesses (examined under commiss^m) testified on behalf of plaintiffs. By one, Charles I-Iarrod, it is shown that, in July, 1856, plaintiffs shipped two gin-stands, of eighty saw's each, to defendant, who, in 1857, gave a draft for their price on Brown, Cuddy & Co., which,was not paid, and in 1858 a note was given for the amount, on which plaintiffs have obtained judgment in another proceeding.
By the other witness, George A. Peck, it is shown that in November or December, 1856, defendant ordered two gin-stands, to be one hundred saws each, at four dollars per saw, to be paid for out of the next crop after the delivery, interest to be added after the next 1st January following the delivery. He says: “The account annexed, marked “A,” is correct, according to the terms agreed upon with defendant, and is also made in *122 conformity to the instructions of the plaintiffs to myself concerning the sales of gins at that time.”
This account is not found in the record.
He says, further : “ The amount due by defendant foil due oil the next 1st January following the delivery of the gins at his landing. As the order was received in November or December, 1856, it would probably be executed in the following spring, which would be beyond the 1st January, 1857, and the account therefore became due on January 1st, 1858.”
He does not say that the gin-stands were delivered. He speaks hypothetically as to the execution of defendant’s order and the time at which the price would be due, according to the terms on which plaintiffs were then making sales. Such evidence is insufficient to authorize the judgment asked for. And particularly so, where the transcript contains the record of another suit for the price of two gin-stands, for which a settlement was had between the parties about the same time, and for which plaintiffs have obtained judgment. It is incumbent on plaintiffs to establish their demands with certainty.
' It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant as of nonsuit, with costs in both courts.